# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE L. MASSE,<br>**Plaintiff** | )<br>)<br>) |
| v. | ) |
| CITY OF SOMERVILLE,<br>CITY OF SOMERVILLE POLICE DEPARTMENT<br>ROBERT HICKEY, JOHN OLIVEIRA,<br>PAUL STEFANELLI, JOHN DOE 1, JOHN DOE 2,<br>DONALD CALIGURI, and JAMES W. TATOSKY,<br>**Defendants** | )<br>)<br>)<br>)<br>)<br>) |

02 CV 10545 WGY

RECEIPT # 37954
AMOUNT $ 150 —
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. DSS
DATE 3/25/02

## COMPLAINT

**I.  JURISDICTION**

1. This is an action under the Federal Civil Rights Act, 42 U.S.C., Sections 1981, 1982, 1983, 1985, and 1988, and under the Massachusetts Civil Rights Act., M.G.L. Chapter 12, Section 11i. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343. The Plaintiff further invokes the pendent jurisdiction of this Court to consider the causes of action arising under State law sounding in tort.

2. There exists between the parties an actual controversy justiciable in nature.

3. The matter in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. Plaintiff seeks, *inter alia*, a declaration of rights under 28 U.S.C. §2201.

DOCKETED  1  

**II.   PARTIES**

4. The Plaintiff, Marie L. Masse ("Plaintiff") was at all times relevant to the allegations of this complaint an African American female who is over the age of 21.

5. The defendant City of Somerville, is and was at all times pertinent to the allegations of this Complaint a municipal corporation duly established under the laws of the Commonwealth of Massachusetts.

6. The defendant Robert Hickey is and was at all times pertinent to the allegations of this Complaint a police officer employed by the City of Somerville.

7. The defendant John Oliveira is and was at all times pertinent to the allegations of this Complaint a police officer employed by the City of Somerville.

8. The defendant Paul Stefanelli is and was at all times pertinent to the allegations of this Complaint a police officer employed by the City of Somerville.

9. The defendant Donald Caliguri is and was the Chief of Police of the City of Somerville, and is responsible for the practices, conduct and policies of the Somerville Police Department and of all its individual members, including adequate hiring, testing, training, instructing, supervising, controlling, investigation, and disciplining of police officers.

10. The defendant James W. Tatosky was and is the Captain of the Somerville Police department Internal Affairs Unit and is responsible for the

investigation and disciplining of officers who have violated the laws of the Commonwealth of Massachusetts.

### III. STATEMENT OF FACTS

11. On or about April 20, 1999, while off duty, the defendant Somerville Police Officer Robert Hickey ("Hickey") drove his personal vehicle to the corner of Grant Street and Mystic Parkway and waited for the Plaintiff to leave her residence, which he knew was located nearby. He stayed at the intersection and yielded the right of way to several motorists turning left until he identified the Plaintiff in her vehicle.

12. On or about April 20, 1999 the defendant Hickey motivated by a desire for revenge, and by racial animus, observed the Plaintiff's vehicle approach the intersection and he then assaulted the Plaintiff with his motor vehicle. The defendant Hickey accelerated his motor vehicle directly at the motor vehicle operated by the Plaintiff placing her in fear of imminent physical injury.

13. The actions of defendant Hickey, on or about April 20, 1999, caused the Plaintiff to veer across marked lanes to avoid a collision with his vehicle.

14. The actions of the defendant, Hickey, were intended to cause the Plaintiff to commit a minor infraction of a law and thus provide him with an excuse to harass the Plaintiff.

15. After the Plaintiff successfully avoided a collision with the said defendant, Hickey immediately exited his vehicle and showed the Plaintiff his badge

and wrongfully issued a citation to the Plaintiff for "marked lane violations and failure to yield."

16. When confronted by the hostile defendant Hickey, the Plaintiff inquired why she had been selected out for treatment disparate from other motorists. This further incited the anger of the defendant Hickey who then called for backup units despite an obvious lack of danger.

17. The defendant Somerville Police Officers John Oliveira, Paul Stefanelli, John Doe 1, and John Doe 2 responded to the defendant Hickey's request in an excessive show of police might.

18. The defendants Oliveira and Stefanelli acted in concert and/or entered into a conspiracy with defendant Hickey to deprive the Plaintiff of her liberty and to falsify the Plaintiff's official record.

19. On or about April 20, 1999, the defendant Oliveira used excessive force to wrongfully place the Plaintiff under arrest. He grabbed the Plaintiff's arms and shirt while she was still in her motor vehicle and forcefully pulled her from the vehicle. The defendant Oliveira never requested that she voluntarily exit the vehicle. The force used by the defendant Oliveira was so extreme that the Plaintiff suffered a bruised wrist and the watch she wore broke.

20. The defendant Oliveira then forcefully pinned the Plaintiff's arms behind her back and shoved her into one of a number of police cruisers surrounding her vehicle.

21. On or about April 20, 1999, the defendant Oliveira fabricated and recorded false information on an incident report which he caused to be filed against the Plaintiff.

22. On or about April 20, 1999, the defendant Somerville Police Officer Paul Stefanelli assisted in and acquiesced in the filing of false information by the defendants Hickey and Oliveira against the Plaintiff by agreeing to act as a witness for the Commonwealth despite his knowledge of the falsity of the Commonwealth's case.  The defendant Stefanelli also wrongfully withheld from the proper officials the truth about the activities of all parties on that date.

23. Beginning on or about April 21, 1999, the defendant Hickey commenced a series of actions designed solely to harass and intimidate the Plaintiff. The defendant Hickey attempted to surreptitiously surveil and photograph the Plaintiff, her family, and her visitors entering and exiting her residence.

24. The defendant Hickey had no reason to place the Plaintiff under surveillance.

25. Beginning on or about May 7, 1999 the defendant Somerville Police Captain James W. Tatosky failed to properly investigate and discipline the above defendant Police officers when their actions were brought to his attention by the Plaintiff.

26. On or about July 15, 1999 the defendant Somerville Police Captain James W. Tatosky assisted in and completed the conspiracy of silence and the cover up of the incidents occurring on or about April 20, 1999 by

concluding an Internal Affairs Unit investigation absolving the defendant Hickey of all charges filed by the Plaintiff against him.

27. Defendant Somerville Police Officers and Detectives knew or should have known that they had no probable cause to arrest and charge Plaintiff Masse for any criminal offense whatsoever.

28. Plaintiff filed a citizen's complaint with defendants on May 7, 1999. That complaint outlined some of the conduct substantially detailed here.

29. Defendant Police Chief Caliguri and the City of Somerville never appropriately disciplined any of the officers or detectives involved in and responsible for violations of Plaintiff's rights.

30. On occasions prior to the incidents alleged in the preceding paragraphs, defendant Police Chief Caliguri, in his official capacity, knew or should have known that Somerville police officers used excessive force in the line of duty.

31. On occasions prior to the incidents alleged in the above paragraphs, defendant Police Chief Caliguri, in his official capacity, knew or should have known that Somerville police officers falsely arrested, falsely imprisoned, verbally abused and harassed, and otherwise denied the statutory and constitutional rights of citizens

32. Defendant Tatosky conducted an investigation into the incidents alleged in the preceding paragraphs and on July 15, 1999 issued his findings. Defendant Tatosky and the City of Somerville failed to appropriately

       discipline any of the officers or the detectives involved in and/or responsible for violations of Plaintiff's rights.

33. On occasions prior to the incidents alleged in the preceding paragraphs, defendant Police Captain Tatosky, in his official capacity, knew or should have known that Somerville police officers used excessive force in the line of duty.

34. On occasions prior to the incidents alleged in the above paragraphs, defendant Police Captain Tatosky, in his official capacity, knew or should have known that Somerville police officers falsely arrested, falsely imprisoned, verbally abused and harassed, and otherwise denied the statutory and constitutional rights of citizens.

35. Due to the illegal and unconstitutional actions of the defendant Police Officers and Detectives, Plaintiff lost time from work, suffered physical injuries, sustained property damage, and otherwise suffered damages.

36. At all relevant times the defendants knew that the Plaintiff was African American.

## IV. CAUSES OF ACTION

### COUNT I: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff here incorporates by reference the allegations of Paragraphs 1 through 36 of this Complaint as though fully set forth here.

38. As a direct and proximate result of the acts of all the defendants, separately and in concert, in agreement and in conspiracy with each other, and acting under the color of law, Plaintiff did suffer severe emotional

distress, extreme pain and suffering, and mental anguish and embarrassment of such severity and nature that no reasonable person could or should be expected to endure, and the above-named defendants knew or should have known that their acts would cause such distress, pain and suffering, anguish and embarrassment.

### COUNT II: FALSE ARREST AND FALSE IMPRISONMENT

39. Plaintiff here incorporates by reference the allegations of Paragraphs 1 through 36 of this Complaint as though fully set forth here.

40. As a direct and proximate result of the malicious, wanton and willful acts of all the defendants, separately and in concert, and acting under color of law, Plaintiff was intentionally and unlawfully arrested and confined without her consent and without probable cause, and thereby was deprived of rights guaranteed to her by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Part I, Article 10 of the Massachusetts Constitution.  Plaintiff was also deprived of her freedom, damaged in her reputation, embarrassed, prevented from engaging in her usual activities, and caused to endure pain, suffering, and mental anguish

41. Plaintiff is thereby entitled to damages and equitable relief under 42 U.S.C., §§ 1981, 1983, 1985, and 1988, and under M. G.L. c. 12, § 11i (the Massachusetts Civil Rights Act), and under other state laws.

## COUNT III: EXCESSIVE FORCE, HARASSMENT AND INTIMIDATION

42. Plaintiff here incorporates by reference the allegations of Paragraphs 1 through 36 of this Complaint as though fully set forth here.

43. As a direct and proximate result of the malicious, wanton and willful acts of all the defendants separately and in concert and acting under color of law, the defendants by their use of excessive, illegal and unjustified force in making an arrest and otherwise thereby deprived Marie L. Masse of her rights, privileges and immunities as guaranteed by the United States Constitution as follows:

    a. Plaintiff was deprived of her right to be free from physical abuse, coercion and intimidation in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

    b. Plaintiff was deprived of her right to be free from summary and cruel and unusual punishment as guaranteed by the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution

    c. Plaintiff was deprived of her right to the due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

44. Plaintiff is thereby entitled to damages and equitable relief under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988, and under M. G.L. c. 12, §§ 11i (the Massachusetts State Civil Rights Act) and other state laws.

## COUNT IV: MALICIOUS PROSECUTION

45. Plaintiff here incorporates by reference the allegations of Paragraphs 1 through 36 of this Complaint as though fully set forth here.

46. As a direct and proximate result of the deliberate, malicious and intentional acts of all the defendants, separately and in concert, in agreement and conspiracy with each other and acting under color of law, Plaintiff was deprived of rights guaranteed to her by the Fifth and Fourteenth Amendments to the United States Constitution and Part I of the Massachusetts Constitution, in that the defendants by initiating criminal proceedings against Plaintiff without probable cause, with malice and for the sole purpose of impeding, hindering, and obstructing or defeating the due course of justice, both in this action and in state court, and with Plaintiff receiving a favorable determination of the criminal complaint against her, have caused Plaintiff to be maliciously prosecuted, and have denied Plaintiff equal protection of the law and caused injury to Plaintiff for lawfully enforcing or for attempting to enforce her own rights.

47. Plaintiff is thereby entitled to damages and equitable relief under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988, and under M. G.L. c. 12 § 11i (the Massachusetts Civil Rights Act) and other state laws against malicious prosecution and abuse of process.

## COUNT V: ASSAULT AND BATTERY

48. Plaintiff here incorporates by reference the allegations of Paragraphs 1 through 36 of this Complaint as though fully set forth here.

49. Defendant Somerville Police Officers Robert Hickey, John Oliveira, and Paul Stefanelli did unlawfully commit an assault and battery against Plaintiff Marie L. Masse in violation of Massachusetts common law.

### COUNT VI: ABUSE OF PROCESS

50. Plaintiff here incorporates by reference the allegations of Paragraphs 1 through 36 of this Complaint as though fully set forth here.

51. As a direct and proximate result of the deliberate and intentional acts of all the defendants, separately and in concert, in agreement and in conspiracy with each other and acting under color of law, Plaintiff was damaged by the defendants when they acted in malice, using the lawful criminal process to accomplish and unlawful purpose, specifically: the initiation of criminal proceedings against Plaintiff, with the intention of securing convictions in order to frustrate the Plaintiff from pursuing the legal remedies available to her as guaranteed by the United States Constitution and the Massachusetts Civil Rights Act.

### COUNT VII: CONSPIRACY TO VIOLATE EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1981

52. Plaintiff here incorporates by reference the allegations of Paragraphs 1 through 36 of this Complaint as though fully set forth here.

53. As a direct and proximate result of the intentional and/or malicious acts of all the defendants who were employees of the Somerville Police

Department separately and in concert and in conspiracy with each other and acting under color of law, the defendants by their willful abuse of the lawful authority vested in them as public officials have deprived the plaintiff of her right to the full and equal benefit of all laws and proceedings for the security of persons and property, and the right to not be subject to unequal punishment, pains, or penalties in party by reason of impermissible racial considerations, thereby depriving her of rights guaranteed to her by the Fourteenth Amendment to the United States Constitution.

54. The Plaintiff is thereby entitled to damages and equitable relief under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988.

**COUNT VII: CONSTITUTIONAL NEGLIGENCE CLAIMS**

55. Plaintiff here incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth here.

56. On occasions prior to the incidents alleged in this Complaint, defendant Police Chief Donald Caliguri, in his official capacity, and other officials of the City of Somerville, in their official capacities, knew or should have known that Somerville police officers used excessive force in their line of duty.

57. On occasions prior to the incidents here alleged, defendant Police Chief Donald Caliguri, in his official capacity, and other officials of the defendant City of Somerville, in their official capacities, knew or should have known that Somerville police officers falsely arrested, verbally

abused, and otherwise denied citizens their statutory and constitutional rights.

58. Defendant Police Chief Donald Caliguri, and the defendant City of Somerville had a duty to adequately hire, test, train, instruct, supervise, investigate, control, discipline, and/or terminate the defendant police officers cited in the allegations of Paragraphs 1 through 37 of this Complaint.

59. Defendant Police Chief Caliguri and the City of Somerville have negligently failed to adequately hire, test, train, instruct, supervise, investigate, control, discipline and/or terminate the defendant police officers cited in the allegations of this Complaint.

60. With the knowledge of and under the direction of Police Chief Donald Caliguri, the Somerville Police Department and its individual members, acting under color of law, have engaged in the pattern of conduct alleged in this Complaint. Defendant Caliguri and the defendant City of Somerville have failed to adequately train, instruct, supervise, control, investigate and discipline the defendant police officers cited in the allegations of Paragraphs 1 through 37 of this Complaint, each of whom, separately and in concert, has denied Plaintiff rights guaranteed to her by the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

61. The official policy, custom or usage of the defendant City of Somerville, Massachusetts, described above, is unconstitutional, to the extent that it

dictates, encourages, or permits police officers of the City of Somerville, Massachusetts, to violate rights of citizens who pose no threat or physical harm to any individual.

62. The official policy, custom, or usage of the defendant City of Somerville, described above, violates the Constitution of Massachusetts and caused the violations of the constitutional rights of Plaintiff as alleged in this Complaint.

63. Plaintiff is thereby entitled to damages and equitable relief under the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1988, and M. G.L. c. 112, §11i (the Massachusetts Civil Rights Act), and other laws.

WHEREFORE, Plaintiff Marie L. Masse prays that this Court:

1. Award punitive damages in the amount of $500,000.00 to Marie L. Masse from each of the following: Robert Hickey, John Oliveira, and Paul Stefanelli.

2. Award compensatory damages in the amount of $250,000.00 to Mare L. Masse from each of the defendants, jointly and severally.

3. Award Plaintiff Marie L. Masse reasonable attorneys' fees, interests, and costs.

4. Order the defendant City of Somerville to institute adequate hiring testing, instructing, supervision, training, disciplinary, and termination proceedings to more fully ensure that citizens are not subjected to harassment and intimidation in violation of their civil rights.

5.   Award such other relief as this Court deems meet and just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

The Plaintiff,
By her attorney,

_____
James P. Harrington, Esq.
BBO # 554806
Harrington & Harrington
505 Waltham Street
West Newton, MA 02465
(617) 558-7722